**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Dennis LEUSCHEN,
Defendant-Appellant.**

**No. 14658.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 10, 1987.

No appearance for plaintiff-respondent.

Charles M. Wesley, Waynesville, for defendant-appellant.

PREWITT, Presiding Judge.

Following jury trial defendant was convicted of assault on Stephen Merz in the third degree, § 565.070, RSMo 1978, and fined $750.00. He appeals, contending that the trial court erred in not giving an instruction patterned after MAI–CR2d 2.42 "Justification: Use of Force in Defense of Premises".

MAI–CR2d 2.42 is based upon § 563.036, RSMo 1978. The portion of that statute relevant here is subsection 1. It provides in part that a "person in possession or control of premises ... may, ... use physical force upon another person when and to the extent that he reasonably believes it necessary to prevent or terminate what he reasonably believes to be the commission or attempted commission of the crime of trespass by the other person."

Defendant was the caretaker of a farm. While hunting on the farm he came upon Merz and Michael Paffrath, fishing in a stream which defendant believed to be part of the farm. On previous occasions defendant had asked Paffrath to leave and not fish in that area. Apparently Paffrath had always left without force being necessary. Defendant had not seen Merz before.

According to defendant, the only thing he said, apparently directed at Paffrath, was, "Mike, I can't believe it's you down here again." Defendant then entered the stream, seized Paffrath's fishing rod and took it apart. He then turned upon Merz, striking him in the face twice. Defendant admitted in his testimony that he had not asked Merz to leave and that there was no indication that Merz was a danger either to him or the premises.

"Ordinarily, to be justified in applying force against a trespasser, the owner or possessor of the property involved must first give the trespasser a notice to leave or to desist from the trespass." 6 Am.Jur.2d Assault and Battery § 86, p. 75. See also *Canfield v. The Chicago, Rock Island & Pacific Railway Co.*, 59 Mo.App. 354, 362 (1894) (if trespasser refused after being ordered to leave, then necessary force can be used to expel him; but striking him in the face was not justified); 6A C.J.S. Assault & Battery § 94, p. 487–488.

Defendant's initiation of physical force was unwarranted. Without asking Merz to leave or some indication that he would not leave, there was no basis for defendant to have "reasonably" believed it necessary to use physical force to oust Merz. As defendant could not reasonably have believed that physical force was necessary, the trial court properly refused the instruction.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.